UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARRY LARON DOOLITTLE,

    Petitioner,

v.                                      Case No. 2:09-cv-171
                                         HON. R. ALLAN EDGAR

BARRY DAVIS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Barry Laron Doolittle filed this petition for writ of habeas corpus challenging his prison sentence for one count of aggravated stalking contrary to MCL § 750.411(I). Petitioner, after a jury trial, received a sentence of 60 to 90 months imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

    Petitioner claims:

    I. Petitioner's conviction of aggravated stalking based on his prior
    conviction violated the Ex Post Facto Clause of the United States
    Constitution.

    II. Petitioner received ineffective assistance of counsel.

    III. Petitioner's conviction for aggravated stalking violated Michigan
    Rules of Evidence ("MRE") 609(c).

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

First, Petitioner claims that use of his prior conviction to enhance his conviction to aggravated stalking violated the Ex Post Facto Clause. Petitioner also alleges that he received ineffective assistance of counsel. Lastly, Petitioner claims that admission of his prior conviction to support his conviction for aggravated stalking violated MRE 609(c).

Petitioner claims that the escalation of his conviction to aggravated stalking violated the Ex Post Factor Clause of the United States Constitution. The Michigan Court of Appeals rejected this claim stating:

> Defendant next argues that his conviction violated the constitutional provisions prohibiting ex post facto laws. See US Const, art I, § 10, and Const 1963, art 1, § 10. A defendant who engages in stalking is guilty of aggravated stalking if he has previously been convicted of stalking. MCL 750.411i(2)(d). Defendant claims that, because his prior stalking conviction occurred in 1995, three years before the Legislature enacted the aggravated stalking statute, MCL 750.411i, his conviction of aggravated stalking constituted an ex post facto violation. Defendant's argument is patently without merit because it is based on an incorrect factual premise. The Legislature did not enact the aggravated stalking statute in 1998. The Legislature added the aggravated stalking statute, MCL 750.411i, to the Michigan Criminal Code in 1992. See 1992 PA 262. The subsequent amendments did not materially change the provision under which defendant was convicted.

Michigan Court of Appeals' Opinion, Docket #11, at 6.

The Ex Post Facto Clause prohibits enactments that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Cal. Dept. Of Corr. v. Morales*, 514 U.S. 499, 504 (1995). In order for a criminal or penal law to cause an ex post facto violation, it must apply to events occurring before its enactment and it must disadvantage the offender. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). The United States Supreme Court held that the Ex Post Facto Clause was not violated when one of the convictions used to classify the petitioner as a fourth felony habitual offender occurred before the enactment of the Pennsylvania Habitual Criminal Act. *Gryger v. Burke*, 334 U.S. 728 (1948). The Court explained that:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either

> a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id*. at 732.

Here, Petitioner's enhanced conviction for aggravated stalking was based on his prior stalking conviction. Rather than an additional penalty for the earlier crime, the enhancement simply increased his penalty for the later offense. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that he received ineffective assistance of counsel because his counsel failed to impeach Officer Krugh. The Michigan Court of Appeals rejected this claim explaining:

> Defendant next argues that his trial attorney rendered ineffective assistance of counsel. No evidentiary hearing took place below in connection with this issue. Accordingly, our review is limited to errors apparent on the record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002*)*.
>
> To demonstrate ineffective assistance of counsel, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness, (2) there is a reasonable probability that this performance affected the outcome of the proceedings, and (3) the proceedings were fundamentally unfair or unreliable. *People v Rogers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). Counsel is presumed to have provided effective assistance, and "the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005).
>
> \* \* \*

>Defendant next argues that he was denied the effective assistance of counsel when counsel failed to impeach Officer Dave Krugh with his preliminary examination testimony after Krugh testified that, upon bringing defendant to the victim's house on December 11, 2005, he removed one of defendant's boots and placed it in a nearby footprint. This testimony did conflict with the testimony Krugh gave at defendant's preliminary examination. At the preliminary examination, Krugh testified that, after he brought defendant to the victim's house, he did not remove one of defendant's boots and place the boot in one of the fresh footprints. Rather, Krugh testified that he ordered defendant, who was sitting in the back of a vehicle, to stick out one of his feet. Krugh testified that he then compared the pattern on the bottom of the boot to the footprints, and the boot pattern and footprints were identical.
>
>Decisions regarding how to cross-examine a witness are a matter of trial strategy. *In re Ayres*, 239 Mich App 8, 23; 608 NW2d 132 (1999). "[T]his Court will not substitute its judgment for that of counsel regarding matters of trial strategy," *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002), nor will it assess counsel's competence with the benefit of hindsight, *People v Williams,* 240 Mich App 316, 331; 614 NW2d 647 (2000). Without the testimony of defense counsel, defendant is unable to overcome the strong presumption that counsel engaged in sound trial strategy while cross-examining Krugh. See *In re Ayres, supra* at 23 (without the testimony of defense counsel, the Court could not conclude that counsel's decisions regarding how to cross-examine witnesses were unreasonable). Defendant has failed to show that counsel's performance in cross-examining Krugh fell below an objective standard of reasonableness. *Rogers, supra* at 714. It is certainly possible that counsel felt that cross-examining Krugh on the point in question would be of little worth, given that in either version, Krugh verified that the footprints matched defendant.

Michigan Court of Appeals' Opinion, Docket #11, at 7-8.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S.

Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim based on sound reasoning. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his last claim, Petitioner contends that admission of evidence of his 1995 stalking conviction to support his conviction for aggravated stalking violated the Michigan Rules of Evidence. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Michigan Court of Appeals rejected Petitioner's claim stating:

> Defendant also argues that the admission of evidence of his 1995 stalking conviction violated MRE 609, which prohibits a party from impeaching a witness with evidence of a conviction if more than ten years have passed from the date of the conviction or from the date the witness was released from the confinement imposed for the conviction. See MRE 609(c). Defendant's argument is without merit. First, defendant has failed to properly preserve this issue because he failed to raise it in his statement of the issues presented. *People v Brown*, 239 Mich App 735, 748; 610 NW2d 234 (2000). Second, defendant's 1995 conviction for stalking was not used to impeach defendant. Defendant did not even testify. Defendant's 1995 conviction was introduced to establish one of the elements of aggravated stalking: that he had a prior conviction for stalking. MCL 750.411i(2)(d).

Michigan Court of Appeals' Opinion, Docket #11, at 6-7.

In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

Petitioner does not argue that the admission of evidence regarding his previous conviction violated his constitutional rights. Rather, he simply argues that the state court violated state evidentiary rules in allowing consideration of his 1995 stalking conviction in charging him with aggravated stalking. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2011